## Kulbicas' License

*Clarke M. Seltzer*, for appellant.

*C. Vincent Henry, Jr.*, contra.

*Horace Segelbaum*, for Pennsylvania Liquor Control Board.

HENRY, P. J., November 23, 1938.—This appeal is before us from the refusal by the Pennsylvania Liquor Control Board to grant an application for a 1938 restaurant liquor license for Kulby's Restaurant, premises 380 North Tenth Street in the City and County of Lebanon.

The Liquor Control Board found as a fact that the premises for which a license is desired are located within 300 feet of a church, and, following a remonstrance against the granting of the license, refused the application.

The legislature has placed the control of the manufacture and sale of liquor in the State of Pennsylvania, and has provided that liquor shall not be sold except in pursuance of a license issued by the State. Section 403 of the Act of June 16, 1937, P. L. 1762, amending the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, and its supplements, provides that the Liquor Control Board "may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground". While certain parts of the act are penal, and as such require a strict construction, yet other portions of the act, not penal, require a liberal construction to effectuate the intentions of the legislature. The act states that the board in its discretion "may" refuse to grant a new license if the place to be licensed is within 300 feet of a "church", and we take it the board should refuse the license when people in the vicinity object to its being granted on the ground of such proximity to a church or school.

The sole difference between the position taken by appellant and that of the liquor board and the remonstrants before this court is the method by which the distance of the restaurant from the church property should be measured. Appellant contends that beginning at the centre of the door of the church property a line should be run and measured southwardly to the street in front of the church property and thence across the street to the curb line on the opposite side, thence measured eastwardly to a point on the curb line of the pavement in front of appellant's restaurant, thence measured southwardly to a point on the curb line directly in front of the door of appellant's restaurant, and thence measured eastwardly to the centre line of the said doorway; and that as thus measured the distance between the doorways of the said properties measures 384.6 feet. The Liquor Control Board has laid down a rule for the measurement of dis-

tances between such points by which the distance is to be measured in an airline from a point on the curb line directly in front of the church door to a point on the curb line in front of the restaurant property on the south side of Lehman Street and thence measured southwardly to a point in the curb line of Tenth Street directly in front of the door of the restaurant property; and thus measured the distance between the two properties is 293.6 feet.

While the rule laid down by the Liquor Control Board seems reasonable, yet we deem a fair construction of the language of the act would suggest still a different rule of measuring. The line as measured and contended for by appellant must be based upon the accessibility of the one place to the other. What the legislature had in mind was the proximity of the one place to the other and the objectionable features to church people of a place where liquor is sold, and this being so we think the measurement should be made from the nearest point in the building line of the church property in an airline to the nearest point in the building line of appellant's property, both having frontages on the same street, namely Lehman; and as thus measured the distance between the two points would be 275.8 feet, bearing in mind that there are no angles or buildings in line as thus measured. If the measurement were to be made from the nearest point in the curb line of the church property to the nearest point in the curb line of the restaurant property the distance would be 235.7 feet. We think the proper measurement would be between the property lines. The door of the restaurant could easily be changed from the centre of the building to the corner and likewise the door of the church property could be easily changed to the corner of the church building and the church itself might be built up to the street from which it has been built back about 40 feet, but the entrance to the doorway and the small patch of ground in front of the church building are as much a part of the church property as the church itself and any

objection to the location of a licensed place would be just as objectionable to the church-goers when going to and from church, as to the people while worshipping within its walls. Of course the same reasoning would not apply if the church property or the restaurant property were located upon spacious grounds not necessarily usable or to be used for church purposes or restaurant purposes, but where the church property is used or usable for church purposes and where the restaurant property is used or usable for the sale of liquor we think the measurement should be made as indicated, that is in an airline between the building lines of the two properties.

And now, November 23, 1938, for the reasons indicated, we are compelled to uphold the action of the Pennsylvania Liquor Control Board in its findings and conclusion, and we therefore refuse the application for a liquor license at 380 North Tenth Street in the City of Lebanon, Pennsylvania.